## WIDOW DE ST. ROMES *v.* CITY OF NEW ORLEANS.

*Held:* That Article 2229 contemplates the formation and origin of the contract, not its execution. When the obligor fulfills his obligation in doing what he has bound himself to do, he does not contract nor agree, he complies with his obligation; contracting or agreeing is one thing, and the fulfilling of the obligation is another.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *C. Roselius & Alf. Philips,* for plaintiff and appellant. *Thomas H. Hewes,* for defendant.

LABAUVE, J. On the 31st of December, 1861, plaintiff brought this suit to recover from defendant, as the price of land, taken for the opening of a street, in 1856. The defendant pleaded payment. After hearing the evidence, the District Court sustained the plea of payment, proved by one witness only, and gave judgment accordingly.

The plaintiff appealed.

It is contended in this Court, by appellant's counsel, that the defendant has failed to prove the payment by competent evidence, under the rules contained in Articles 2229 and 2257, C. C. The first Article reads: "All agreements relative to personal property, and all contracts for the payment of money, when the value does not exceed $500, which are not reduced to writing, may be proved by any competent evidence; such contracts or agreements above $500 in value, must be proved by least by one credible witness, and other corroborating circumstances." We are of opinion that this Article does not apply to this case, and that this law contemplates the formation and origin of the contract or agreement, and not the execution of it. In this case, the contract had already been entered into when the land was transferred to the city for $800, whereby the city agreed to pay said sum. We believe that the execution of an agreement relative to personal property, and the payment of money under a contract, are not properly agreements or contracts, as contemplated by law; contracting and agreeing requires consent of both parties. When the obligor fulfills his obligation in doing what he has bound himself to do, he does not contract nor agree, he complies with his obligation; contracting or agreeing is one thing, and the fulfilling of the obligation is another. 14 La. 346.

Upon the whole, we are of opinion that our learned brother decided the case correctly; and, for the reasons assigned by him in his judgment, we are of opinion that the judgment appealed from should be affirmed.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.

HOWELL, J., recused.